IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENE BLACKMON, § | | |
| TDCJ #485431, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-3348 |
| § | | |
| SHALONDA RUTLEDGE, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM AND ORDER**

State inmate Eugene Blackmon filed a civil rights complaint in state court against the defendants, Shalonda Rutledge and Randy Smith, who promptly removed the case to federal court. The defendants have filed a motion for a more definite statement under Rule 7(a) and Rule 12(e) of the Federal Rules of Civil Procedure. (Docket Entry No. 6). More than thirty days have elapsed and the plaintiff has not filed a response. After considering all of the pleadings and the applicable law, the defendants' motion is **granted** for reasons set forth below.

**I.   BACKGROUND**

Blackmon is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") for undisclosed offenses. He sues Shalonda Rutledge, who is reportedly employed as a Deputy Sheriff for Waller County, Texas, in her individual capacity. Blackmon also sues Waller County Sheriff Randy Smith.

According to the complaint, Blackmon accuses Rutledge of "Gross and Criminal Negligence, and Perjury[.]" (Docket Entry No. 1, Exhibit A, *Complaint*). Blackmon claims that Rutledge "falsely filed a complaint" against him for failing to stop and render aid to her son, Troy Reece, Jr., after allegedly running him over in an automobile-pedestrian accident on September 2, 2002. The incident reportedly occurred while Rutledge was off duty. Blackmon contends that he was found "not guilty" on August 27, 2003, following a jury trial on the charges that were filed against him by Rutledge. Blackmon who was held in jail for almost a year pending his trial, sues Rutledge for compensatory damages in the amount of $3,000,000.00 for her "criminal negligence."

## II. DISCUSSION

The defendants argue that the complaint fails to articulate sufficient facts in support of an actionable claim under 42 U.S.C. § 1983. Therefore, the defendants ask the Court to demand a more definite statement of the claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) requires a party to provide a more definite statement of his claims where the complaint is so vague or ambiguous that the opposing party cannot reasonably be required to frame a response. It is true that *pro se* complaints are entitled to a liberal construction. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, even if a plaintiff is proceeding *pro se*, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

The defendants' motion for a more definite statement also invokes the defense of qualified immunity and Rule 7(a) of the Federal Rules of Civil Procedure. Officers sued in their individual capacities are protected by qualified immunity unless their actions violate a constitutional right clearly established at the time. *See Sanchez v. Swyden*, 139 F.3d 464 (5th Cir.), *cert. denied*, 525 U.S. 872 (1998). In that regard, the plaintiff bears the burden of negating the defendant's claim of qualified immunity. *See Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994). When a plaintiff files a conclusory complaint in a case subject to qualified immunity, a district court can require the plaintiff to file a more definite reply under Rule 7(a) of the Federal Rules of Civil Procedure. *See Shultea v. Wood*, 47 F.3d 1427, 1430, 1432 (5th Cir. 1995) (en banc); *see also Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (noting that "[t]he *Shultea* rule governing the Rule 7(a) reply is an instantiation of the more general principle that 'heightened pleading' is needed in qualified immunity cases.").

As the Fifth Circuit has noted, "vindicating the immunity doctrine" will ordinarily require a Rule 7(a) reply, and a district court's discretion not to order one "is narrow indeed when greater detail might assist." *Shultea*, 47 F.3d at 1434. This reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id*. at 1433. Moreover, the reply must contain "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff['s] injury." *Sazan*, 168 F.3d at 161 (citing *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 995 (5th Cir. 1995)).

In this instance, Blackmon's complaint fails to make any specific allegation against

Sheriff Smith. The complaint likewise fails to clearly articulate an actionable claim against either of the defendants under 42 U.S.C. § 1983. Accordingly, the allegations in Blackmon's pleadings are not sufficiently detailed to overcome the defendants' assertion of qualified immunity. Thus, the Court agrees that the complaint in this case would benefit from further factual development under Rule 7(a) and Rule 12(e).

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendants' motion for a more definite statement (Docket Entry No. 6) is **GRANTED**.

2. The plaintiff shall file an amended complaint in this case within thirty days of the date of this order setting out specific facts in support of his claims against Shalonda Rutledge and Sheriff Randy Smith.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **November 9, 2005.**

_____
Nancy F. Atlas
United States District Judge