IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENE BLACKMON, § | | |
| TDCJ #485431, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-3348 |
| § | | |
| SHALONDA RUTLEDGE, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM AND ORDER**

State inmate Eugene Blackmon has filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated in connection with his arrest and subsequent prosecution. At the defendants' request, the Court ordered Blackmon to file a more definite statement of his claims. Blackmon has complied by filing an amended version of his complaint. (Doc. #12). The defendants now move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Doc. #15). In response, Blackmon seeks leave to further amend his pleadings. (Doc. #16). After considering all of the pleadings and the applicable law, the Court grants the defendants' motion, denies the plaintiff's motion for leave to amend, and dismisses this case for reasons set forth below.

**I.  BACKGROUND**

Blackmon is presently incarcerated at the Darrington Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Blackmon

filed this civil rights lawsuit against Waller County Deputy Sheriff Shalonda Rutledge and Waller County Sheriff Randy Smith. The incident that forms the basis of this lawsuit occurred on September 4, 2002, in the town of Hempstead, which is located in Waller County, Texas.

According to the pleadings, Blackmon alleges that Deputy Rutledge "falsely filed a complaint" against him for failure to stop and render aid to her child (Troy Reece, Jr.), after Blackmon hit the young boy with his vehicle by accident on September 4, 2002. Blackmon explains that he was driving his truck (an "18 wheeler") through the town of Hempstead when he saw a little boy with a bike near the side of the road. When Blackmon stopped the truck, he was approached by three unidentified females who informed him that he had "hit that boy on the bike," referring to Reece. Blackmon reportedly saw no apparent signs of distress or injury to the child, and so he continued on his way to a junk yard located nearby. While he was at the junk yard, Deputy Rutledge arrived and accused Blackmon of "running over" her son (Reece). Deputy Rutledge, who was off duty from her job with the Sheriff's Department at the time, insisted on calling the police. Although the police officer dispatched to the scene did not issue a citation or place him under arrest immediately, Blackmon was eventually arrested and charged by a grand jury indictment in cause number 11,434 with the offense of failure to stop and render aid. Blackmon reports that he was found "not guilty" of the charges filed against him by Deputy Rutledge, following a jury trial on August 27, 2003.

Blackmon accuses Deputy Rutledge of committing "official criminal oppression" by

lodging false charges against him that resulted in his arrest and prosecution. Blackmon also accuses Sheriff Smith of engaging official oppression and of violating his right to due process by failing to conduct an investigation into the false charges against him. The amended complaint seeks unspecified damages. In the original complaint, however, Blackmon requested compensatory damages in the amount of $3,000,000.00 for Deputy Rutledge's actions.

The defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that they are entitled to qualified immunity and that the complaint fails to state a claim upon which relief can be granted. In response, Blackmon seeks another opportunity to amend his pleadings. The parties' contentions are addressed below, beginning with the defendants' motion to dismiss.

## II. STANDARD OF REVIEW

The defendants' motion to dismiss is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor" and should be granted only if it is evident that the plaintiff cannot prove any set of facts entitling him to relief. *Financial Acquisition Partners, L.P. v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (citations omitted). In determining whether the plaintiff has stated a claim upon which relief can be granted, a reviewing court must accept the well-pleaded facts alleged in the complaint as true and construe the allegations in the light most favorable to the plaintiff. *See Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). It is well established that *pro se* complaints are held to less stringent standards that formal pleadings drafted by lawyers.

3

*Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). At the same time, however, a plaintiff "must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). Therefore, a reviewing court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin*, 407 F.3d at 696 (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

## III. DISCUSSION

Blackmon's complaint is governed by 42 U.S.C. § 1983, which provides a remedy for violations of civil rights by state actors:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Thus, to state a claim under 42 § 1983, a plaintiff must show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law. *See*

*Atteberry v. Nacona General Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48-50 (1988); *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995)). Liberally construed, Blackmon's complaint in this case attempts to allege that two state actors (Deputy Rutledge and Sheriff Smith) committed "official criminal oppression" as well as constitutional violations of the right to be free from false arrest and the right to due process.

The defendants move to dismiss this case for failure to state a claim under 42 U.S.C. § 1983, on the grounds that Blackmon has failed to allege a constitutional violation. The defendants argue further that, to the extent that Blackmon sues them in their individual capacity as public officials, they are entitled to qualified immunity from Blackmon's suit.[1] Public officials acting within the scope of their authority are shielded from civil liability by the doctrine of qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982). When confronted with a claim of qualified immunity, a court must first ask the following question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Brousseau v. Haugen*, 543 U.S. 194, 197 (2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If a constitutional violation occurred, then the inquiry turns to the question whether qualified immunity is warranted despite that violation by examining whether the officer's conduct was

---

[1] The pleadings do not allege that either defendant was acting pursuant to an official policy or custom. *See Monell v. New York City Dep't of Social Svcs*, 436 U.S. 658 (1978). Accordingly, the complaint does not state a claim against them in their official capacity. *See Hafer v. Melo*, 502 U.S. 21 (1991).

reasonable in light of clearly established law. *See Groh v. Ramirez*, 540 U.S. 551, 563 (2004) (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999)). Blackmon's allegations are examined separately below to determine whether he has stated the requisite constitutional violation.

### A.     Official Oppression

Blackmon accuses Deputy Rutledge and Sheriff Smith of committing a criminal offense by engaging in official oppression in connection with his arrest. A public servant commits the offense of official oppression if, acting under color of his office or employment, he "intentionally subjects another to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful . . . ." TEX. PENAL CODE § 39.03(a)(1). The Texas Penal Code, however, does not create a private right of action. *See Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App. — Tyler 1996, writ denied). Thus, Texas law does not recognize a civil cause of action for official oppression. Rather, a claim that charges were wrongfully filed and maintained is properly brought as a state law malicious prosecution claim. *See Klein & Assoc. Political Relations v. Port Arthur Indep. Sch. Dist.*, 92 S.W.3d 889, 898 (Tex. App. — Beaumont 2002, pet. denied).

Texas law recognizes a claim for malicious prosecution where the following elements are shown: (1) a criminal action was commenced against the plaintiff; (2) the prosecution was caused by the defendants or with their aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the defendants acted without probable cause; (6) the defendants acted with malice; and (7) the criminal proceeding damaged the plaintiff. *See Izen v. Catalina*, 256 F.3d 324, 328 (5th Cir. 2001) (citing *Taylor v. Gregg*, 36 F.3d 453, 455

6

(5th Cir. 1994)). Blackmon fails to state a valid claim for malicious prosecution in this case because, for reasons discussed below, the pleadings do not establish that he was arrested and charged without probable cause. Even if Blackmon's allegations satisfied the traditional elements of malicious prosecution, his civil rights complaint would still fail as a matter of law.

The Fifth Circuit has held that there is no "freestanding constitutional right to be free from malicious prosecution," and that "'malicious prosecution' standing alone is no violation of the United States Constitution." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir.2003) (en banc), *cert. denied*, 543 U.S. 808 (2004). To the extent that Blackmon's complaint is governed by 42 U.S.C. § 1983, his underlying claim "must rest upon a denial of rights secured under federal and not state law." *Id.* at 942. Mere allegations of malicious prosecution do not implicate the Constitution or a violation of federal law, as the Fifth Circuit in *Castellano* explains:

> [C]ausing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim . . . .
>
> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection — Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights specifically locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.

*Id.* at 953-54. To the extent that Blackmon's pleadings complain that the defendants subjected him to arrest and prosecution for malicious purposes, this allegation fails to state

a valid claim under 42 U.S.C. § 1983.

**B.    Fourth Amendment**

Blackmon alleges that he was arrested and charged without probable cause as a result of false allegations made by Deputy Rutledge. Blackmon's allegation of an illegal seizure or false arrest is governed by the Fourth Amendment to the United States Constitution, which safeguards "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Whether an arrest is illegal under the Fourth Amendment hinges on the absence of probable cause. *See Baker v. McCollan*, 443 U.S. 137, 144-45 (1979); *Sorenson v. Ferrie*, 134 F.3d 325, 328 (5th Cir. 1998). If the arresting officer had probable cause for the charges made, then any claim for false arrest fails and the officer is entitled to qualified immunity. *See Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)); *Sorenson*, 134 F.3d at 328.[2]

Blackmon's complaint against Deputy Rutledge fails however, because the pleadings do not reflect that his arrest was made without the requisite probable cause. Blackmon has attached exhibits to his amended complaint, which include an offense report regarding the

---

[2]    It is preliminarily noted that Blackmon cannot make a Fourth Amendment claim against Deputy Rutledge because, as he concedes in his pleadings, Deputy rutledge was off duty at the time of the incident and was acting in her private capacity when she filed the complaint accusing Blackmon of failing to stop and render aid after striking her young son. Because Deputy Rutledge filed the complaint as a private citizen, she was not acting under color of law and she was not a state actor at the time. *See Atteberry*, 430 F.3d at 252-53. Deputy Rutledge arguably contributed to the arrest by reporting the incident to the police, who eventually arrested Blackmon.

incident that resulted in his arrest.[3] According to the offense report, an officer with the City of Hempstead Police Department responded to the complaint by Deputy Rutledge, who alleged that her six-year-old son had been struck by the driver of a "semi-truck." (Doc. #12, *Hempstead Police Department Offense Report - Case No. 2002-511*). Three independent witnesses reported that they witnessed Blackmon's truck strike the little boy. (*See id*). After Blackmon failed to stop, one of the witnesses wrote down his license plate number and called the child's mother (Deputy Rutledge), who then tracked Blackmon down and called the police. According to the offense report, the little boy was injured and was bleeding from the head. After considering all of this information, Sergeant B. Dawson of the Hempstead Police Department issued the arrest warrant charging Blackmon with failure to stop and render aid following an accident.[4]

To determine the presence or absence of probable cause, the totality of the circumstances surrounding the arrest must be considered. *See Ornelas v. United States*, 517 U.S. 690, 696-97 (1996). "Whether that arrest was constitutionally valid depends in turn

---

[3] Exhibits attached to the complaint are part of the complaint "for all purposes." FED. R. CIV. P. 10(c). Thus, the Court may consider these exhibits for purposes of deciding a motion to dismiss under Rule 12(b)(6). *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).

[4] It is a criminal offense in Texas if the operator of a vehicle involved in an accident resulting in injury or death fails to stop and render reasonable assistance. *See* TEX. TRANSP. CODE § 550.21; *St. Clair v. State*, 26 S.W.3d 89, 98-99 (Tex. App. — Waco 2002, pet. ref'd) (listing the elements for the offense of failure to stop and render aid). A vehicle operator's duty to stop and render aid also includes an obligation to give information to an injured party, such as the operator's name and address, the registration number of the vehicle the operator was driving, and the name of the operator's motor vehicle liability insurer. *See* TEX. TRANSP. CODE § 550.23; *St. Clair*, 26 S.W.3d at 99.

upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *see also Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (per curiam). Based on the information supplied by the complaint and the attached exhibits, it is clear that there was more than sufficient probable cause to arrest Blackmon for the offense of failure to stop and render aid. The existence of probable cause This is fatal to any claim for false arrest or malicious prosecution.

In addition, Blackmon concedes that he was subsequently indicted by a Waller County grand jury after his arrest in this case.[5] It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party. *Taylor v. Gregg*, 36 F.3d 453, 456-57 (5th Cir. 1994) (citing *Wheeler v. Cosden Oil and Chem. Co.*, 744 F.2d 1131, 1132 (5th Cir. 1984); *Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1984), *cert. denied*, 472 U.S. 1017 (1985); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982), *cert. denied*, 459 U.S. 1005 (1982); *Rodriguez v. Ritchey*, 556 F.2d 1185, 1193 (5th Cir. 1977), *cert. denied*, 434 U.S. 1047 (1978)). Thus, the independent finding of probable cause precludes a claim for false arrest in this case. It follows that Blackmon

---

[5] A copy of the indictment is attached to the amended complaint. (Doc. #12, Indictment, Cause No. 03-04-11,434. The indictment reflects that the offense was enhanced for purposes of punishment by allegations showing that Blackmon had at least two prior felony convictions.

fails to state a constitutional violation of the Fourth Amendment.

### C. Due Process

Blackmon contends that Sheriff Smith violated his constitutional right to due process by failing to conduct an investigation of the charges lodged against him by Deputy Rutledge. Blackmon complains that, because of Sheriff Smith's failure to investigate, he was wrongfully detained based on false charges. Blackmon's complaint points to the Due Process Clause found in the Fifth Amendment.

To the extent that Blackmon invokes the Due Process Clause of the Fifth Amendment, this claim fails as a matter of law because the Fifth Amendment applies only to federal actors. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) (citing *Richard v. Hinson*, 70 F.3d 415, 416 (5th Cir. 1995)). Blackmon further fails to articulate a claim against Smith, as Sheriff of Waller County, under the Due Process Clause of the Fourteenth Amendment. The Supreme Court has expressly declined to recognize a substantive right to be free from arrest and criminal prosecution apart from the one found in the Fourth Amendment. *See Albright v. Oliver*, 510 U.S. 266 (1994) (holding that any claim for arrest without probable cause is governed by the Fourth Amendment and not the Fourteenth Amendment's Due Process Clause). As noted above, the Court has already found that Blackmon has failed to state a violation of the Fourth Amendment in connection with his arrest.

Blackmon's conclusory allegations fail to specify what facts, if any, an additional investigation would have revealed. Under these circumstances, the Fifth Circuit has rejected a claim for failure to conduct an appropriate investigation as without "legal basis" under 42

U.S.C. § 1983. *See Shields v. Baldwin*, 389 F.3d 142, 150-51 (5th Cir. 2004). More importantly, as the defendants point out, Blackmon was arrested and charged by an officer with the City of Hempstead Police Department, which is separate from the Waller County Sheriff's Department. Blackmon does not allege that Sheriff Smith had any authority to conduct an investigation into the charges filed by the Hempstead Police Department. Accordingly, Blackmon fails to state a constitutional violation under the Due Process Clause.

In conclusion, although Blackmon has had more than one opportunity to amend and supplement his pleadings, he has not established that the defendants in this case violated his constitutional rights in connection with his arrest and subsequent prosecution. Absent such a showing, Blackmon has not met his threshold burden to state a constitutional violation for purposes of stating a claim under 42 U.S.C. § 1983. He also has not overcome the asserted defense of qualified immunity. Therefore, the defendants are entitled to qualified immunity and that this case must be dismissed for failure to state a claim upon which relief can be granted.

### IV. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

The plaintiff has requested an extension of time to amend his complaint in response to the defendants' motion to dismiss. (Doc. #16). Requests for leave to amend are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides as follows:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely

given when justice so requires.

FED. R. CIV. P. 15(a). The decision whether to grant or deny a request for leave to amend is vested with the district court's discretion. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999).

Previously, the defendants filed a motion that detailed the shortcomings found in the plaintiff's complaint and requested a more definite statement of his claims. The Court granted the defendants' motion and gave plaintiff an opportunity to amend his complaint by submitting a more definite statement of his claims. The plaintiff complied by submitting a detailed amended complaint that included a number of exhibits in support of his claims. (Doc. #12). Asserting the defense of qualified immunity, the defendants have moved successfully to dismiss the amended complaint for failure to state a claim. Although the plaintiff seeks leave to amend, he does not attach a proposed amended complaint to his motion and he does not otherwise explain how an amended pleading would cure the deficiencies highlighted by the defendants' motion to dismiss. Thus, the circumstances in this case do not reflect that an additional opportunity to amend would be useful. *See Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996). In that respect, another pleading "would do nothing but prolong the inevitable, and would only subject the defendants to exactly those hardships the [qualified] immunity doctrine is supposed to relieve." *Babb v. Dorman*, 33 F.3d 472, 479 (5th Cir. 1994) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986)). Accordingly, the motion for leave to amend is denied.

**V.**     **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendants' motion to dismiss (Doc. #15) is **GRANTED**.

2. The plaintiff's motion for leave to amend (Doc. #16) is **DENIED**.

3. This case is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **April 12, 2006.**

_____
Nancy F. Atlas
United States District Judge